# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/08/2022
CT Log Number 541366841

**TO:**  Sheila Kalteux
Lincare Inc.
19387 US Highway 19 N
Clearwater, FL 33764-3102

**RE:**  **Process Served in Missouri**

**FOR:**  mdINR, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PRECISION HEALTH GROUP // To: mdINR, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22SLCC01943 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/08/2022 at 09:48 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Paul Tripp  paul.tripp@lincare.com |
| | Email Notification,  John Robertson  JRober33@lincare.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Apr 8, 2022
**Server Name:**                   Drop Service

| Entity Served | MDINR, LLC |
|---|---|
| Case Number | 22SL- CC01943 |
| Jurisdiction | MO |

| Inserts | | |
|---|---|---|
| | | |



 **IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**   *SERVE*

| Judge or Division:<br>JEFFREY PAUL MEDLER | Case Number:  22SL-CC01943 | |
|---|---|---|
| Plaintiff/Petitioner:  .<br>  PRECISION HEALTH GROUP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>  MDINR, LLC<br>DBA:   MDINR | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Injunction | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   MDINR, LLC
                                             Alias:
                                             DBA:   MDINR

C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>29-MAR-2022</u>
Date

_____
Clerk

Further Information:
JS

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                                   Date                                          Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**22SL-CC01943**

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY**

| | |
|---|---|
| **PRECISION HEALTH GROUP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **MDINR LLC d/b/a MDINR,** | ) |
| | ) |
| Serve: | ) |
| | ) |
| **C T Corporation System** | ) |
| **Registered Agent** | ) |
| **120 South Central Ave.** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| **Defendant.** | ) |

## CLASS ACTION JUNK-FAX PETITION

Plaintiff Precision Health Group brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant mdINR, LLC d/b/a mdINR under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

### PRELIMINARY ALLEGATIONS

1.     Plaintiff Precision Health Group is the fictitious name registered for Family Spinal Health & Rehabilitation Center, Inc., a Missouri corporation with an office in St. Louis County, Missouri.

2.     Defendant mdINR, LLC d/b/a mdINR is a Delaware limited liability company in good standing with the Delaware Secretary of State and the Missouri Secretary of State.

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

3.    Attached as **Exhibit 1** is a true copy of Defendant's Application for Registration of a Foreign Limited Liability Company, filed with the Missouri Secretary of State on June 23, 2010.

4.    Missouri Revised Statutes § 417.200 states "[t]hat every name under which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein required."

5.    As of March 16, 2022, mdINR, LLC, had not registered "mdINR" as a fictitious name with the Missouri Secretary of State.

6.    This Court has personal jurisdiction over Defendant because Defendant sent at least one illegal fax into Missouri or from Missouri to a recipient in Missouri, Defendant transact business within this state, Defendant has committed tortious acts within or directed into this state, including conversion of fax recipients' paper, ink, and toner and trespass to chattels, or Defendant otherwise has sufficient minimum contacts with this state.

7.    The TCPA is a statutory tort.

8.    Venue is proper in St. Louis County.

### THE FAX

9.    On or about March 1, 2022, Defendant, or someone acting on its behalf, used a telephone facsimile machine, computer, or other device to send to

2

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

Plaintiff's telephone facsimile machine at (314) 739-6043 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 2** (Fax).

10. The Fax is five pages long.

11. Plaintiff received the Fax through Plaintiff's telephone facsimile machine.

12. The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

13. The Fax list dozens of insurances that Defendant proudly accepts.

14. On information and belief, Defendant has sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendant's behalf.

15. On information and belief, Defendant approved, authorized, and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

16. Defendant had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

3

Electronically Filed - St. Louis County - March 28, 2022 - 10:38 PM

17.     Defendant created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements, on information and belief, to Plaintiff and to other members of the "Class" as defined below.

18.     The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendant, lacked a proper notice on page one informing the recipient of the ability and means to avoid future unsolicited advertisements.

19.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)     The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)     The notice includes—

(1)     A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

4

(E)   The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

20.    The Fax and Defendant's similar facsimile advertisements lacked a notice on page one, or elsewhere, stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

21.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

22.    On information and belief, Defendant faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

23.    Defendant violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice on page one required by 47 C.F.R. § 64.1200(a)(4).

24.    Defendant knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed

5

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

with Plaintiff and the other Class members, and (d) Defendant's facsimile advertisements did not display a proper opt-out notice.

25.     Pleading in the alternative to the allegations that Defendant knowingly violated the TCPA, Plaintiff alleges that Defendant did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendant's own understanding of the law or on the representations of others on which Defendant reasonably relied.

26.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendant a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendant cannot provide evidence of prior

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

express invitation or permission for the sending of such fax or (3) with whom Defendant did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

28.    Excluded from the Class are Defendant, its employees, its agents, and members of the judiciary.

29.    This case is appropriate as a class action because:

a.    <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.    <u>Commonality.</u>   Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

i.    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the commercial availability of any property, goods, or services;

iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the quality of any property, goods, or services;

iv.    The manner and method Defendant used to compile or obtain the list of fax numbers to which Defendant sent the Fax and other unsolicited faxed advertisements;

v.    Whether Defendant faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi.    Whether Defendant violated 47 U.S.C. § 227;

7

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

vii.   Whether Defendant willfully or knowingly violated 47 U.S.C. § 227;

viii.   Whether Defendant violated 47 C.F.R. § 64.1200;

ix.   Whether the Fax, and the other fax advertisements sent by or on behalf of Defendant, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.   Whether the Court should award statutory damages per TCPA violation per fax;

xi.   Whether the Court should award treble damages per TCPA violation per fax; and

xii.   Whether the Court should enjoin Defendant from sending TCPA-violating facsimile advertisements in the future.

c.   <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendant to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.   <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in TCPA class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.   <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

8

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

30.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

31.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

32.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

      (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

      (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

      (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

33.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

34.     Defendant's actions caused concrete and particularized harm to Plaintiff and the Class, as

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

a.   receiving Defendant's faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendant's faxes;

b.   Defendant's actions interfered with the recipients' use of the recipients' fax machines and fax lines;

c.   Defendant's faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.   Defendant's faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

35.   Defendant intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendant's advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

36.   Defendant knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's property, goods, or services, (b) Defendant did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

37.   Defendant violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members

Electronically Filed - St. Louis County - March 28, 2022 - 10:38 PM

without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Precision Health Group, for itself and all others similarly situated, demands judgment against Defendant mdINR, LLC d/b/a mdINR as follows:

a.  certify this action as a class action and appoint Plaintiff as Class representative;

b.  appoint the undersigned counsel as Class counsel;

c.  award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.  award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.  enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.  award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g.  award Plaintiff an incentive award;

h.  award Plaintiff prejudgment interest and costs; and

i.  grant Plaintiff all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, transmission logs, and other itemization of telephone or fax numbers associated with Defendant and the communication or transmittal of advertisements as alleged herein.

Electronically Filed - St Louis County - March 28, 2022 - 10:38 PM

SCHULTZ LAW GROUP LLC

By: _Ronald J. Eisenberg_
      Ronald J. Eisenberg, #48674
      Robert Schultz, #35329
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005
      636-537-4645
      Fax: 636-537-2599
      reisenberg@sl-lawyers.com
      rschultz@sl-lawyers.com

      *Attorneys for Plaintiff*
      *Precision Health Group*

File Number:

**FL1067231**

Date Filed: 06/23/2010

**Robin Carnahan**

**Secretary of State**



## State of Missouri
**Robin Carnahan, Secretary of State**

Corporations Division
PO Box 778 / 600 W. Main St., Rm. 322
Jefferson City, MO 65102

## Application for Registration of a Foreign
## Limited Liability Company
*(Submit with filing fee of $105.00)*

1. The name of the foreign limited liability company is  mdINR, LLC

2. The name under which the foreign limited liability company will conduct business in Missouri is (must contain "limited company, "limited liability company", "LC", "LLC", "L.C.", or "L.L.C.") (must be filled out if different from line (1)):

   _____

3. The foreign limited liability company was formed under the laws of  Delaware _____ on the

   *(state or jurisdiction)*

   date of  02/18/09 _____ .

   *(month/day/year)*

4. The purpose of the foreign limited liability company or the general character of the business it proposes to transact in this state is:

   independent diagnostic testing services _____

   _____

5. The name and address of the limited liability company's registered agent in Missouri is (this line <u>must</u> be completed and include a street address):

   | C T Corporation System | 120 South Central Avenue | Clayton, MO 63105 |
   | *Name* | *Address (PO Box may only be used in conjunction with a physical street address)* | *City/State/Zip* |

   *The Secretary of State is appointed agent for service of process if the foreign limited liability company fails to maintain a registered agent.* <u>Note:</u> *failure to maintain a registered agent constitutes grounds to cancel the registration of the foreign limited liability company.*

6. The address of the registered office in the jurisdiction organized.  If none required, then the principal office address of the foreign limited liability company is:

   | mdINR, LLC, 19387 US 19 North, Clearwater, FL  33764 | |
   | *Name* | *Address (PO Box may only be used in conjunction with a physical street address)* | *City/State/Zip* |

7. This application must include a current certificate of good standing/existence from the secretary of state or other similar official in the state of domicile. Such document should be dated within 60 calendar days from filing.

*(Please see next page)*

State of Missouri
Creation - LLC/LP 3 Page(s)

LLC-4 (11/2008)

MO059 - 04/24/2009 C T System Online

T1017401520

**Ex. 1**

In Affirmation thereof, the facts stated above are true and correct.
(The undersigned understands that false statements made in this filing are subject to the penalties provided under Section 575.040, RSMo)



| | | |
|---|---|---|
| *Authorized Signature* | Paul Gabos, Manager | 6/11/10 |
| | *Printed Name* | *Date* |

| | | |
|---|---|---|
| *Authorized Signature* | *Printed Name* | *Date* |

| | | |
|---|---|---|
| *Authorized Signature* | *Printed Name* | *Date* |

LLC-4 (11/2008)

MO059 - 04/24/2009 C T System Online

# *Delaware*

*PAGE 1*

### *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "MDINR, LLC" IS DULY FORMED UNDER
THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND
HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW,
AS OF THE TWENTY-THIRD DAY OF JUNE, A.D. 2010.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE
BEEN PAID TO DATE.



4656552   8300

100681646

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 8071782

DATE: 06-23-10

# State of Missouri



Robin Carnahan
Secretary of State

CERTIFICATE OF REGISTRATION
FOREIGN LIMITED LIABILITY COMPANY

WHEREAS,

*MDINR, LLC*
*FL1067231*

Using in Missouri the name

*MDINR, LLC*

and existing under the laws of the State of Delaware has filed with this state its Application for Registration and whereas this Application for Registration conforms to the Missouri Limited Company Act.

NOW, THEREFORE, I, ROBIN CARNAHAN, Secretary of State of the State of Missouri, by virtue of authority vested in me by law, do hereby certify and declare that on the 23rd day of June, 2010, the above Foreign Limited Liability Company is duly authorized to transact business in the State of Missouri and is entitled to any rights granted Limited Liability Companies.

IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the GREAT SEAL of the State of Missouri. Done at the City of Jefferson, this 23rd day of June, 2010.



_____
Secretary of State



Ex. 2

This message contains information that may be confidential or legally privileged and is intended only for the person to which it was sent. It is prohibited for anyone else to disclose, copy, distribute or use the contents of this message. All personal messages express views solely of the sender, which are not to be attributed to the company with which the sender may be employed or otherwise affiliated, and may not be copied or distributed without this disclaimer. If you are not the intended recipient, (i) any use, distribution or copying of this message is strictly prohibited; and (ii) please notify us immediately at help@mailsysadmin.com or 1 (800) 284-2006, and delete the message and any attachments from your system.





# A note from your local home INR testing service.

## PROTECTING PATIENTS AND PHYSICIANS HAS AND WILL ALWAYS BE OUR NUMBER ONE PRIORITY!

**The mdINR patient self-testing/compliance management program offers multiple benefits:**

- Patients have the ability to test in the comfort and safety of their own home

- High-risk patients are safely removed from possible exposure to COVID-19 during facility-based INR testing

- Our local clinical staff ensures patients are trained in and adherent to testing regimens

**FOR YOUR CONVENIENCE, AN ORDER FORM IS ATTACHED. CONTACT YOUR LOCAL MDINR PROVIDER WITH PATIENT ENROLLMENT QUESTIONS.**



## PATIENT ENROLLMENT FORM



**FOR PT/INR AT HOME MONITORING SERVICE**
mdINR - 45 Turner Dr., Bldg. A, Middletown, NY 10940

*Quality of Care. Quality of Life.*

LNC

---

**Physician Information**

Date:_____          Practice Name:_____

**Prescriber NPI:** _____   Prescribing Physician (Last, First, MI):_____

Practice Mailing Address: _____

Practice Phone: _____   Practice Fax: _____

Practice Contact: _____   Practice Email: _____

---

**Patient Information Patient**   Gender:  ☐ Female   ☐ Male   Email: _____

Patient name:(Last, First, MI): _____   DOB: _____

Patient mailing address: _____

Patient home phone: _____   Patient Cell Phone: _____

Any known allergies?   ☐ Yes  ☐ No   If YES please explain: _____

Is patient being treated for active infection?  ☐ Yes ☐ No   If YES please explain: _____

---

### This section must completed by prescribing practitioner's office

| Patient Diagnosis | | Fax Option |
|---|---|---|
| ☐ Long Term (current) use of Anticoagulants | Z79.01 | ☐ Fax Every Result |
| ☐ Permanent Atrial Fibrillation | I48.21 | ☐ Only Fax Out of Range Results |
| ☐ Paroxysmal Atrial Fibrillation | I48.0 | ☐ Fax Out of Range + Monthly Summary |
| ☐ Other Persistent Atrial Fibrillation | I48.19 | **Notification of Panic Values** |
| ☐ Other Primary Thrombophilia | D68.59 | ☐ Fax and phone call, Voicemail Allowed |
| ☐ Personal History of other venous thrombosis and embolism | Z86.718 | ☐ Fax and Live call, No voicemail |
| ☐ Chronic Pulmonary Embolism | I27.82 | **Medication and Training Information** |
| ☐ Presence of Prosthetic Heart Valve | Z95.2 | *Patient has been on Warfarin/Coumadin ≥ 90 days:*  ☐Yes ☐ No |
| ☐ Other (MUST write in a valid ICD10 code) | | Start date patient began Warfarin/Coumadin: _____ |
| | | Patient Training:  ☐ mdINR ☐ Physician |
| | | Chart Notes Attached  ☐ Yes ☐ No |

Target Range Values:   **Range:** _____ **To**_____ .   Panic Values:   **Below:**_____ **or Above:**_____
**Note: If Target Range is not listed, default is: 2.0 to 3.0**   **Note: If Panic Value is not listed, default is: ≤ 1.4 or ≥5.0**

---

### Statement of Medical Necessity/Prescription

Patient's condition requires long-term Warfarin therapy to reduce the risks of thromboembolism. I am ordering PT/INR self-testing service to enable this patient to test more frequently in order to help maintain a stable INR. The patient or patient's care-giver is capable of performing these tests, understanding implications of the test results, and contacting INR services as directed. I believe that patient self-testing is reasonable and necessary for this patient. If you require additional information, please contact me.

Physician and patient acknowledge that this service is for weekly self-testing and reporting of test results.
Chart notes to support INR testing must be available upon request.

**Physician's Signature:** _____   Date: _____

**Print Physician Name:** _____

TBOULWAR

---

| Physician Line: 1-888-763-1541 | Enrollment Fax: 1-855-859-7212 |
|---|---|

Revised 12/05/2019





# mdINR®

## Proudly accepts the following insurances:

AARP
ACS Benefits
Advocare (OON)
Aetna (Commercial and
Medicare Advantage)
AgeRight Advantage (OR)
AHCCCS Plans
(Arizona Medicaid):
UHCCP, Centene
(AZ Complete Health
& Care 1st), Banner University
Health Plan, Indian Health
Services
Alabama Healthcare
Advantage
Alignment Health Plan (CA)
AllCare Health Plan
American CareSource
America's 1st Choice
America's Choice
Amerigroup
GA, IA, KS, TN (OON), VA
AmeriHealth IA
Ancillary Care Services
Anthem Blue Cross CA
Anthem Central Region
(IN, KY, MO, OH, WI)
Anthem CO, VA
Assurant
Asuris NW
Atrio
Atrio Health Plan (OON)
AVERA Health Plan
BCBS
AL, AR, AZ, CT, FL (OON),
GA, IL, KANSAS*, KANSAS
CITY, LA, MI (OON), MN,
MS, MT, NV, ND, NE, NY, NV,
OK, RI, SC, TN (OON), VT,
W, NY, WY
Bright Health Plan
(Commercial and
Medicare Advantage)
Brand New Day
Capital BC PA
Care First BCBS MD
Care Source (OR, IN)
Care Wisconsin
CDPHP
Centene
Contracare
CHRISTUS Health Plan
Cigna Health Corp.

Community Care
of Central WI
Community Partners
Health Plan
ConnectiCare
Consilium
Coventry Medicare PFFS
Crescent
Deseret Secure (OON)
Empire Health Choice (NY)
Fallon Community Health Plan
Fallon Total Care
FIDELIS (New York)
First Choice Health Network
Fresnius Health Partners
Gateway Health Plan
Galaxy Health
GEHA
Geisinger Health Plan
GIC Indemnity (OON)
Group Health
Gilsbar 360 Alliance
Gundersen Health Plan
(MN, WI)
Harvard Pilgrim Health Care
Health Alliance
(IL, IA)
Healthcare Highways (TX)
HealthLink Inc.
Health Net
(CA, OR, WA)
HealthNow
Health Plus of Michigan
HealthScope
HealthSmart
Health Team Advantage (NC)
Health West
Highmark PA Inc.
Highmark PA Medicare
Advantage
Home Links Health Partners
Home Town Health Plan
Humana
Humana Medicare Advantage
Humana Military
IEHP
Independence BC (PA)
Independent Health (NY)
Independent Medical
Indian Health Services
(Bemidji Area)

Indiana Medicaid
(Anthem HIP)
InterWest Health
Inventive (OON)
Kaiser Mid-Atlantic
(VA, MD, DC)
Key Medical
(CA, WA)
Main Community Health
(OON)
Magnum Health Plan
Managed Care Ancillary
Martins Point
Medica
(IA, MN, NE, ND,
SD, WI)
Medical Assoc Health Plan
(IA, IL, WI)
Medical Mutual of Ohio
Medicare
MediGold
Medincrease Health Plans
Memorial Health
System (CO)
Mercy Physicians
Medical Group
Meridian (MI)
Midlands Choice
Moda Health Plan
Montana Medicaid
MVP Health Plan
NAMCI
Neighborhood Health
Network Health Plan (WI)
Nevada Preferred aka
Prominence Health plan
New Mexico
Health Connections
ODS
Pace Vermont
Pacific Source
Partnership Health Plan
(OON)
Passport Advantage (OON)
Peoples Health (LA)
Phelps County Regional
Medical Center (MO)
PHP Universal
Piedmont – Community
Health Plan (VA)
Piedmont/Wellstar (GA)
POMCO

Premera/Life Wise
(BCBS WA)
Presbyterian Health Plan
PrimeHealth Services
Priority Health (Michigan)
Prominence Health First
Regence BCBS
(UT, OR, ID, WA)
Rhode Island Medicaid
Rocky Mountain Health Plans
Sagamore Health (IN)
Sanford Health Plan
SCRIPPS
Secure Horizons (OON)
Sharp Reese – Stealy
Sharp Community
Medical Group
Soundpath Health
Stratose Inc.
The Health Plan of the
Upper Ohio Valley
The Vermont Health Plan
Today's Options (OON)
TriCare
North, South, East, West
TriWest Healthcare Alliance
Troy Health
Tufts
UCare (MN)
UHC
Ultimate Health Plan
UMWA
United Health Military and
Verterans (UMVS)
United Indian Health Services
(CA, OR)
University of Utah Health Plan
UPMC
USFHP (PA required)
Vantage Health Plan
Vermont Medicaid
Vibra Health
(MDCR ADV)
Virginia Premier Health Plan
(Commercial, Medicare
Advantage, Medicaid)
WellCare MCR
WellMed
Wellmark (IA, SD)
Windsor Health Plan

---

January 2022 (04926)

**Some of these policies are not governed by contract language and may process under out of network benefits**

*Home-bound patients only

 CT Corporation

**Service of Process Transmittal**
04/18/2022
CT Log Number 541418496

| | |
|---|---|
| **TO:** | Sheila Kalteux<br>Lincare Inc.<br>19387 US Highway 19 N<br>Clearwater, FL 33764-3102 |
| **RE:** | **Process Served in Missouri** |
| **FOR:** | mdINR, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PRECISION HEALTH GROUP // To: mdINR, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22SLCC01943 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 04/18/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | This SOP contains items that require physical delivery |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Paul Tripp  paul.tripp@lincare.com |
| | Email Notification,  John Robertson  JRober33@lincare.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
04/18/2022
CT Log Number 541418496

TO:  Sheila Kalteux
Lincare Inc.
19387 US Highway 19 N
Clearwater, FL 33764-3102

RE:  **Process Served in Missouri**

FOR:  mdINR, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| -- | By Process Server on 04/08/2022 | Sheila Kalteux<br>Lincare Inc. | 541366841 |



## PLEASE NOTE:

☒   Compact Disc is attached

☐   Cash Received $_____

☐    Other:

Hard copies of the documents will subsequently be shipped to you

Wolters Kluwer



**SCHULTZ LAW GROUP, LLC**
Attorneys at Law
640 Cepi Drive, Suite A
St. Louis, Missouri 63005

**CT Corporation System
Registered Agent for
mdINR LLC dba mdINR**

**120 South Central Ave.
Clayton, MO 63105**

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY**

| | | |
|---|---|---|
| **PRECISION HEALTH GROUP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 22SL-CC01943** |
| | ) | |
| **v.** | ) | **Div. 37** |
| | ) | |
| **MDINR LLC d/b/a MDINR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiff certifies that on April 11, 2022, (a) Plaintiff's First Requests for Production of Documents to Defendant and (b) this Certificate of Service were served U.S. Mail to the address below, along with a CD ROM containing a Word version of the discovery requests, and this Certificate of Service was also eFiled:

C T Corporation System
Registered Agent for
mdINR LLC d/b/a mdINR
120 South Central Ave.
Clayton, MO 63105

*Defendant*

SCHULTZ LAW GROUP LLC

By: _Ronald J Eisenberg_

Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

1

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY**

| | | |
|---|---|---|
| PRECISION HEALTH GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22SL-CC01943 |
| | ) | |
| v. | ) | Div. 37 |
| | ) | |
| MDINR LLC d/b/a MDINR, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT**

Plaintiff Roton Products, Inc., pursuant to Missouri Supreme Court Rule 58.01, requests that Defendant mdINR, LLC d/b/a mdINR produce for inspection and copying the documents described below at the offices of Schultz Law Group LLC, 640 Cepi Drive, Suite A, Chesterfield, MO 63005, within the period set forth in Rule 58.01(c)(1).

**DEFINITIONS**

A.     "Affirmative Defenses" means Defendant's affirmative defenses to the Petition, as well as any further amended or supplemental affirmative defenses Defendant files in this case.

B.     "Class" refers to the Class identified in the Petition.

C.     "Communication" means all occasions upon which information was conveyed from one person to another (a) by means of a document or (b) orally, including, but not limited to, in person, or by telephonic, computer, facsimile, or other means.

D.     "Concerning" or "concern" mean in any way related to, containing, contained in, referring to, regarding, embodied in, connected to or part of, in whole or in part.

E.     "Defendant," "you," or "your" refer to mdINR, LLC d/b/a mdINR and any or all persons acting or purporting to act on Defendant's behalf.

F.     "Document" means every writing or record of every type and description, whether in final or draft form, that is in the possession, control or custody of Defendant, its officer, attorneys, agents, and representatives, including but without limitation, correspondence, memoranda, stenographic or handwritten notes, electronic documents of any kind including but not limited to e-mail, voice recordings, reports, computer records, files, disks, or tapes or print-outs; agreements, communications, telegrams, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, reports, notebooks, opinions or reports of consultants, forms, brochures, pamphlets, advertisements, circulars, press releases,

1

drafts, letters, any marginal comments appearing on any document, and all other writings. These two terms also include preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

   G.  "Established Business Relationship" "means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(6).

   H.  "Fax" refers to the facsimile attached to the Petition as Exhibit 1.

   I.  "Opt-out Request" means a request not to send future unsolicited advertisements to a telephone facsimile machine.

   J.  "Person" includes not only natural persons, but also a corporation, partnership, unincorporated association, sole proprietorship, joint venture, or other association of persons, and also a governmental agency, office, administration, board or other body. However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

   K.  "Petition" refers to the Plaintiff's Class Action Junk-Fax Petition in this action, as well as any further amended petitions filed in this case.

   L.  "Plaintiff's Facsimile Number" means (314) 739-6043.

   M.  "Refer or relate to" includes pertain to, concern, refer to, regard, reflect, depict, describe, evidence, embody, contain, or constitute, in whole or in part.

   N.  "Relevant Time Period" refers to the period from four years prior to when this lawsuit was filed to the date you answer these discovery requests.

   O.  "Telephone Consumer Protection Act" or "TCPA" means 47 U.S.C. § 227.

   P.  "Template" means a preset format for a document or file used so that the format does not have to be recreated each time it is used.

### INSTRUCTIONS

   A.  In responding to these document requests, you shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of your agents and/or representatives.

   B.  References to an individual, partnership, limited liability company or corporation include any and all agents, employees, representatives and attorneys and all other persons or entities acting on your behalf or under your control.

   C.  If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were furnished together with their job titles, subject matter, basis on which privilege or other objection is claimed and the number of each Request to which such document responds. If you claim privilege or any other objection with regard to only part

of a document, produce the part to which there is no objection.  These requests do not seek documents protected by the attorney-client privilege.

      D.      If you are aware of any documents or copies thereof that may be responsive to these Requests but are no longer in your possession, custody or control, or have been lost or destroyed, identify each document in detail, including whether: (i) the document is missing, lost or destroyed; (ii) the document has been transferred or delivered to another person and, if so, at whose request; (iii) who prepared it; (iv) to whom it was prepared for and sent to; (v) when it was prepared or sent; (vi) the content of the document; (vii) the person who destroyed it; and (viii) why it was lost or destroyed.

      E.      If any individual Request is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter.  If any individual Request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the Request is unduly burdensome and stating whatever information and knowledge you have of the information or documents called for in the Request, and (generally) an attempt will be made to rephrase the Request (or subpart thereof) in a reply letter to lessen the burdens of compliance.  Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular Request.

      F.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.

      G.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

**REQUESTS**

      1.     All documents upon which Defendant relied in denying any of the allegations in the Petition.

**RESPONSE:**

      2.     If Defendant pleads any Affirmative Defenses or other defenses to the Petition, all documents upon which Defendant relied.

**RESPONSE:**

      3.     All documents concerning Alice Mikuleza, the person identified in the header of the Fax.

**RESPONSE:**

4.      If Defendant contends that Plaintiff or any member of the Class gave prior express permission or invitation to receive facsimiles from Defendant, the documents, including call recordings, upon which such contention is based.

**RESPONSE:**

5.      If Defendant contends that an Established Business Relationship existed between Defendant and Plaintiff or Defendant and any member of the Class prior to Plaintiff's or the Class's being sent a facsimile inviting persons to apply for inclusion in Defendant's directories, the documents upon which such contention is based.

**RESPONSE:**

6.      Each Template of any document which promotes, advertises, announces, or solicits any property, goods, or services, which was sent by facsimile transmission to Plaintiff or to any member of the Class by or on behalf of Defendant during the Relevant Time Period.

**RESPONSE:**

7.      Each facsimile advertisement sent by or on behalf of Defendant to Plaintiff or to any member of the Class during the Relevant Time Period.

**RESPONSE:**

8.      All non-privileged documents possessed by Defendant containing Plaintiff's Facsimile Number.

**RESPONSE:**

9.      All documents sent to or received by Defendant from a third party for fax broadcasting services rendered during the Relevant Time Period.

**RESPONSE:**

4

10.     All invoices for Defendant's facsimile telephone number or for the transmission of facsimiles during the Relevant Time Period.

**RESPONSE:**

11.     All documents identifying Defendant's outbound faxes or facsimile numbers to which Defendant's outbound faxes were sent by or on behalf of Defendant during the Relevant Time Period.

**RESPONSE:**

12.     All documents identifying, sent to, or received from any third-party that sent any facsimile on behalf of Defendant to Plaintiff or to any other members of the Class during the Relevant Time Period.

**RESPONSE:**

13.     All contracts and amendments thereto for the provision of fax broadcasting services during the Relevant Time Period.

**RESPONSE:**

14.     All documents Defendant sent to or received from any third party (other than Defendant's counsel), concerning facsimile advertising, sending, or broadcasting services provided, or to be provided, by the third party during the Relevant Time Period.

**RESPONSE:**

15.     All records, invoices, receipts, or other documents showing any fees, money, consideration, or compensation paid or owed by Defendant to any third party for fax broadcasting services rendered during the Relevant Time Period.

**RESPONSE:**

16.     All documents from recipients of Defendant's faxes seeking not to receive future faxes from Defendant.

**RESPONSE:**

17.    All documents concerning or identifying the number of the fax advertisements sent or attempted to be sent via facsimile by or on behalf of Defendant to facsimile numbers during the Relevant Time Period.

**RESPONSE:**

18.    All documents, including lists of leads and spreadsheets, containing facsimile numbers, that Defendant has purchased or used during the Relevant Time Period.

**RESPONSE:**

19.    All statements, whether oral, written, recorded, transcribed, summarized, or otherwise memorized, of any witness or other individual referring or relating to Plaintiff or the allegations in the Petition about faxes.

**RESPONSE:**

20.    The policy and declaration page of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Date:  April 11, 2022

SCHULTZ LAW GROUP LLC

By:  *Ronald J Eisenberg*
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*